UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY BROWN, | ) 1:12-cv—01877-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| | ) LEAVE TO AMEND (DOC. 1) |
| v. | ) |
| | ) ORDER DECLINING TO ISSUE A |
| R. M. DIAZ, Warden, | ) CERTIFICATE OF APPEALABILITY AND |
| | ) DIRECTING THE CLERK TO CLOSE THE |
| Respondent. | ) ACTION |
| | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 6, 2012 (doc. 5). Pending before the Court is the petition, which was filed on November 15, 2012.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the California Substance Abuse Treatment Facility serving a sentence

2

of "30 years to life, plus life, plus 16 years" imposed in the Superior Court of the State of California, County of San Diego, on January 4, 1991. (Pet., doc. 1, 1, 16.) Petitioner does not indicate whether his life term is with or without parole. Petitioner was assessed a loss of 360 days of good time credit as a result of having been found guilty of possessing an inmate-manufactured weapon in prison. Petitioner challenges the adequacy of the notice given to him of the re-issued disciplinary alleging the notice was a violation of his right to due process of law because it was one day late under the time limit established by California law, namely, Cal. Admin. Code, tit. 15, § 3320(a).[1] Petitioner affirmatively states that he does not contend that he was prejudiced in any respect by the allegedly late delivery of the notice. (Id. at 20.)

## II. Failure to State Facts Entitling Petitioner to Relief for a Violation of the Due Process Clause

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

---

[1] Section 3320(a) provides that a copy of a CDC Form 115 and related forms shall normally be provided to an inmate within fifteen (15) days from the date the information leading to the charges is discovered by staff.

3

375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

### A. State Law Claim

Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (an ex post facto claim challenging state court's discretionary decision concerning application of state sentencing law presented only state law issues and was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, Petitioner argues that the state law time limit for service of the disciplinary report was violated. Petitioner cites Hicks v. Oklahoma, 447 U.S. 343 (1980) as authority for the proposition that a state's failure to follow its own law results in a due process violation. (Pet. at 20.) However, Hicks may be distinguished from the present case because there the petitioner was deprived of a statutory entitlement to the exercise of the jury's discretion with respect to the penalty to be imposed for

4

commission of a crime. Here, the matter in dispute is an extra day's notice that is acknowledged not to have been prejudicial. Further, absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). Thus, Hicks is not determinative.

Here, no fundamental unfairness appears in the instant case to transform what is essentially a state law violation into a prejudicial violation of due process. Thus, Petitioner's state law claim concerning a failure of one day's notice of a disciplinary violation will be dismissed.

Because the defect in Petitioner's state law notice claim is based not on a dearth of any factual allegations, but rather on the nature of the claim, it does not appear that Petitioner could allege a tenable claim for relief in a proceeding pursuant to § 2254 if leave to amend were granted. Thus, the Court will dismiss the state law notice claim without leave to amend.

### B. Procedural Due Process

Procedural due process of law requires that where the state has made good time subject to forfeiture only for serious misbehavior, prisoners subject to a loss of conduct credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974).
///

The notice must be 1) written; and 2) given at least twenty-four hours before, and sufficiently in advance of, the hearing in order to achieve the goals of giving notice, which are to inform the inmate of the charges in order to permit the inmate to clarify the charges, marshal the facts in his defense, and prepare to offer a defense at the hearing. Wolff v. McDonnell, 418 U.S. at 564-65.

The essential function of the notice is to enable an inmate to prepare a defense. In Bostic v. Carlson, 884 F.2d 1267, 1270-71 (9th Cir. 1989), an inmate was found to have committed the disciplinary violation of possession of contraband (stolen sandwiches) and was assessed a forfeiture of thirty days of credit. In the incident report, the violation was described as "stealing." The prisoner sought relief under § 2241 for alleged due process violations. The court stated the following with respect to the adequacy of the notice given to the prisoner:

> Nor does appellant assert that the officer's description of the incident as "stealing" rather than as "possession of contraband" in the incident report deprived him of the opportunity to present a proper defense. The incident report described the factual situation that was the basis for the finding of guilt of possession of contraband and alerted Bostic that he would be charged with possessing something he did not own. *Cf. Wolff*, 418 U.S. at 563-64, 94 S.Ct. at 2978-79 (stating that "the function of [the] notice [of a claimed violation] is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are"). The incident report adequately performed the functions of notice described in *Wolff. See id.*

Bostic v. Carlson, 884 F.2d at 1270-71.

Here, Petitioner alleges that he received the notice at least twenty-four hours before the disciplinary hearing. Further, Petitioner expressly refrains from contending that the

6

notice failed to inform him of the charges or permit him to clarify the charges, marshal the facts in his defense, or prepare to offer a defense at the hearing.  See, Wolff v. McDonnell, 418 U.S. at 564-65.  The Court concludes that there is no evidence that the notice failed to perform its essential function to enable Petitioner to prepare a defense.

A failure to meet a guideline for a prison disciplinary hearing would not alone constitute a denial of due process.  See, Bostic v. Carlson, 884 F.2d at 1270.  In the absence of controlling authority, to establish a denial of due process of law, prejudice is generally required.  See, Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also Tien v. Sisto, Civ. No. 2:07-cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) ("While neither the United States Supreme Court or the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding....") (citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, No. Civ. S-05-0801 JAM EFB P, 2008 WL 5381964, at *5 (E.D.Cal. Dec. 22, 2008); Gonzalez v. Clark, No. 1:07-CV-0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)).

Here, because Petitioner has failed to show a violation of the Wolff requirements for procedural due process and has failed to establish any prejudice, he has failed to state facts that

7

point to a real possibility of a violation of the Due Process Clause.

With respect to the possibility of amendment of the petition, Petitioner has submitted what appears to be complete documentation of the disciplinary proceedings. Petitioner's own submissions show that Petitioner acknowledged having received at least twenty-four hours before the hearing a copy of all non-confidential reports that either stated the charges or were considered as evidence. (Pet., doc. 1, 72.) Further, Petitioner was given an opportunity before the hearing to review photographic evidence. (Id. at 73.) Petitioner pled not guilty and submitted a handwritten statement as evidence in his defense, and although he initially requested witnesses, at the hearing he elected to revoke his request for witnesses and proceed without them. (Id. at 74-75.) Petitioner admitted he told Officer Urban that the weapon found in his cell was his. (Id. at 75.) From Petitioner's submission of the disciplinary hearing officer's findings to this Court, it may also be inferred that Petitioner received the hearing officer's findings that Petitioner possessed an inmate-manufactured weapon based on a correctional officer's report of discovering the weapon in Petitioner's bunk and Petitioner's admission to correctional officers that the weapon belonged to him. (Id. at 75-76.) Accordingly, the documentation submitted by Petitioner demonstrates that Petitioner received all process that was due.

Petitioner expressly disavows any intention to contest the adequacy of the evidence to support the disciplinary finding. (Id. at 7.) However, Petitioner does recite that he only took

8

responsibility for the weapon because his cell mate was scheduled to be released in several days, and he asserts that the cell where the weapon was found was not searched before Petitioner moved into it. (Id.)

With respect to evidentiary sufficiency, where good-time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; there need only be some evidence in order to ensure that there was some basis in fact for the decision. Superintendent v. Hill, 472 U.S. at 457. Even if Petitioner were to attempt to challenge the evidentiary support for the finding, the officer's report of finding the weapon in Petitioner's bunk and Petitioner's admission that the weapon was his constitute some evidence to support the decision.

In sum, Petitioner has not stated facts entitling him to relief in this proceeding on the basis of the Federal Due Process Clause.

The Court concludes that in view of the safeguards afforded Petitioner in connection with the hearing, and considering Petitioner's admission that he had engaged in the proscribed conduct, it does not appear that Petitioner could state a tenable due process claim if leave to amend were granted. Thus, the claim will be dismissed without leave to amend.

In sum, the petition for writ of habeas corpus will be dismissed without leave to amend.

III. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that

jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to § 2254; and

2) The Court DECLINES to issue a certificate of appealability; and

///

///

///

```
     3) The Clerk is DIRECTED to close the case.
```

IT IS SO ORDERED.

**Dated:   February 12, 2013**                              /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE